**MU MING LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,\* Respondent.**

**No. 07–2048–ag.**

United States Court of Appeals, Second Circuit.

Dec. 5, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present JOHN M. WALKER, JR., JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Mu Ming Lin, a native and citizen of the People's Republic of China, seeks review of a May 10, 2007 order of the BIA affirming the October 26, 2005, decision of Immigration Judge ("IJ") Gabriel C. Videla denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mu Ming Lin,* No. A98 559 950 (B.I.A. May 10, 2007), *aff'g* No. A98 559 950 (Immig. Ct. N.Y. City Oct. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's

grounds for this decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This court reviews *de novo* questions of law and the application of law to undisputed fact. *See e.g. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007) (quoting section 1252(b)(4)(B)).

■ Upon our review of the record, we conclude that the IJ's adverse credibility finding was supported by substantial evidence. The Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contrary evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang v. U.S. Immigration and Naturalization Service,* 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted).

For applications such as this one governed by the REAL ID Act of 2005,** the agency may, considering the totality of the circumstances, base a credibility finding on

---

** Because Lin filed his asylum application after May 11, 2005, his claim is governed by the amendments made to the Immigration and Nationality Act by the passage of the REAL ID Act. Pub.L. No. 109–13, 119 Stat. 231. See

Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Liang Chen v. U.S. Atty. Gen.,* 454 F.3d 103, 107 (2d Cir.2006).

an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (BIA 2007).

Here, the IJ properly based his adverse credibility determination on: (1) the discrepancy between Lin's application stating that he went to protest a land sale with his father and other villagers, and his testimony that he did not go; (2) Lin's inability to remember where the district offices were located, who the district officials were, or the name of the villager who led them to the offices; (3) his lack of specificity about what property "hooligans" destroyed in his home; (4) his inability to provide the time frame of the events that formed the basis of his claim; and (5) his lack of knowledge about who bought the village farmland and for what price. These omissions and inconsistencies are neither minor nor immaterial, because their cumulative effect casts doubt on Lin's participation in the events central to his claim—the alleged land dispute and the government-hired "hooligans" visits to his home. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, the agency's denial of Lin's application for asylum was supported by substantial evidence.

Because the central evidence of a threat to Lin's life or freedom depended on his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief, to the extent all three claims were predicated on the same facts. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

■ To the extent Lin argues that the agency erred in denying relief based on his alleged illegal exit from China, his argument is without merit. Lin's claim was based on generalized language contained in the country-conditions evidence in the record, suggesting that those who violate China's exit laws may be detained and that torture occurs in Chinese prisons. As we have observed, "[w]ere such a showing [that petitioner is part of large class of persons who have illegally departed China] sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief." *Mu Xiang Lin v. U.S. DOJ*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003). Because Lin provided no evidence that he in particular would likely be persecuted or tortured based on his illegal departure, the denial of relief on this basis was not in error.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).